# Delegation of the Attorney General's Authority to Investigate Credit Card Fraud

The Attorney General has authority under 28 U.S.C. § 533 to investigate all criminal violations against the United States, including credit card fraud under 15 U.S.C. § 1644, except in cases in which Congress has specifically assigned the responsibility with respect to a particular investigation exclusively to another agency.

The Attorney General's investigative authority under 28 U.S.C. § 533, which has been delegated to the Federal Bureau of Investigation by 28 C.F.R. § 0.85(a), may not be delegated outside of the Department of Justice to the Secret Service.

A preliminary analysis reveals no independent authority for investigations of credit card fraud in the Secret Service's enabling statute, 18 U.S.C. § 3056.

November 22, 1983

MEMORANDUM OPINION FOR THE ASSISTANT SECRETARY
DEPARTMENT OF THE TREASURY

This responds to your letter to your request that the Attorney General delegate to the Secret Service the Department of Justice's authority to investigate violations of 15 U.S.C. § 1644.

As you know, § 1644 generally makes it a crime (in certain circumstances affecting interstate or foreign commerce) to receive, transport, or use counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit cards. We understand that the Secret Service and the Postal Service have informally agreed upon procedures for coordinating and cooperating in investigations of § 1644 violations, but that you have taken the position that the Secret Service "is not in a position to effect those procedures governing counterfeit credit card investigations until the Department of Justice delegates to the Service the appropriate authority to investigate violations" of this provision. Your position is predicated on the assumption that the Secret Service does not have independent authority to investigate criminal violations of § 1644, but that the Attorney General may delegate to the Secret Service his statutory responsibilities to enforce § 1644. For the reasons set forth below, we conclude that the Attorney General may not transfer duties vested in him to other departments of the federal government in these circumstances, although we

172

express no final view at this time whether the Secret Service possesses independent authority to undertake such investigations, a question which the Department of Treasury should examine in detail in the first instance.[1]

## I. Delegation of Authority Under § 533

Section 1644 does not specifically provide that the Department of Justice may undertake credit card investigations. Nevertheless, the Department of Justice has general statutory authority to investigate the violation of criminal laws of the United States under 28 U.S.C. § 533. This section, which is part of the chapter in Title 28 setting forth the duties of the Federal Bureau of Investigation, states that the Attorney General "may appoint officials . . . to detect and prosecute crimes against the United States."[2]

The history of this provision can be traced back to a 1921 Appropriations Act for the Department of Justice, which contained a provision routinely included in Department of Justice appropriation laws over the years authorizing the expenditure of funds "for the detection and prosecution of crimes against the United States." Act of Mar. 4, 1921, Pub. L. No. 389, 41 Stat. 1367, 1410. Attached to this standard clause was a proviso, stating that "for the purpose of executing the duties for which provision is made by this appropriation, the Attorney General is authorized to appoint officials who shall be designated 'special agents of the Department of Justice,' and who shall be vested with the authority necessary for the execution of such duties." Id. at 1411. Similar provisos were included in appropriation statutes passed during each of the following six years, see, e.g., Act of June 1, 1922, Pub. L. No. 229, 42 Stat. 599, 613 (codified at 5 U.S.C. § 300 (1925)).

As interpreted by this Office over the years, this provision authorizes the Department of Justice to investigate all criminal violations against the United States, except in cases in which Congress has specifically assigned this responsibility with respect to a particular investigation exclusively to another agency.[3]

---

[1] We do not understand you to be asking the Department of Justice to enter into an agreement with the Secret Service for the performance of such services pursuant to the Economy Act, 31 U S.C. § 1535, and thus we have not considered the appropriateness of such an arrangement. An Economy Act agreement between the Departments of Justice and Treasury would not involve a "delegation" of responsibilities to the Secret Service, but only the performance of services by the Secret Service for the Department of Justice. See, e.g., 57 Comp. Gen. 677, 678–80 (1978), H.R. Rep. No. 1126, 72d Cong., 1st Sess. 15–16 (1932). For this reason, if an Economy Act arrangement provided the basis for Secret Service investigations of § 1644 violations, the Department of Justice would be required to reimburse Treasury for all such services, unless it was determined that Treasury does indeed have independent authority to conduct such investigations.

[2] The grant of authority is not exclusive, for, according to § 533, it is not intended to "limit the authority of departments and agencies to investigate crimes against the United States when investigative jurisdiction has been assigned by law to such departments and agencies."

[3] See, e.g., Memorandum for Herbert J. Miller, Assistant Attorney General, Criminal Division from Nicholas deB. Katzenbach, Assistant Attorney General, Office of Legal Counsel (Oct. 25, 1961); Memorandum for the Attorney General from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel (Nov. 9, 1955); Memorandum for the Attorney General from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel (Oct. 19, 1954); Memorandum for the Deputy Attorney General from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel (Oct. 5, 1954). See generally 28 C.F.R. §0.85(a).

For this reason, the Federal Bureau of Investigation, which has been delegated the Attorney General's responsibilities under § 533, see 28 C.F.R. § 0.85(a), clearly may undertake credit card investigations pursuant to § 1644.

In our view, however, the Attorney General may not delegate this responsibility outside of the Department of Justice to the Secret Service. Section 533 vests the authority to appoint criminal investigative officials in the Attorney General, not in the heads of other departments designated by the Attorney General.[4] In other words, on its face this provision does not authorize the Attorney General to delegate these duties outside this Department. Similarly, neither the language nor the legislative history of § 533 contemplates that the Attorney General would "appoint" employees of other departments directly in order that these employees may perform criminal investigations under the direct supervision of the heads of other departments. As noted above, this section was originally passed as a rider to an appropriation for the Department of Justice, which stated that such officials were to be designated "special agents of the Department of Justice" and were to execute the duties set forth in the appropriation for the Department of Justice. Floor comments regarding this proviso only reflect a congressional intent to support the appointment of Department of Justice investigative employees.[5]

We also believe the authority to transfer functions vested in the Attorney General may not be inferred in these circumstances. By establishing the Department of Justice and placing certain responsibilities in its head, see 28 U.S.C. §§ 501, 509, Congress has expressed its intent that these duties should be discharged by officials of this Department. The Attorney General, like the heads of many other departments who have similar authority with respect to their departments, may transfer responsibilities between officials within this Department pursuant to 28 U.S.C. §§ 509 and 510, but Congress has not granted the Attorney General general authority to transfer responsibilities outside this Department. This Office has previously observed that, in the absence of any general provision of law permitting an agency to transfer its statutory authority to another agency, such transfer or delegations may nor-

---

[4] Of course, as discussed below, 28 U.S.C. § 510 authorizes the Attorney General to delegate functions vested in him to "any officer, employee, or agency of the Department," but there is no authority for the Attorney General to transfer such authority outside the Department of Justice.

[5] For example, in opposing passage of this provision on the ground that it would have conferred substantive power in an Appropriations Act, one Representative explained.

> All of the employees of the Department of Justice that are authorized to be appointed are creatures of legislation ... [The present bill would] give additional authority to the Department of Justice outside of the present legislation, [thereby] authorizing the [Attorney General] to appoint *additional employees* unauthorized by the present law.

62 Cong. Rec. 5209 (1922) (remarks of Rep. Blanton) (emphasis added).

Congress' consideration of a proposed cap on salaries paid under this provision reflects a similar understanding. One Representative argued that, based on his knowledge of the salaries of "agents of the Bureau of Investigation, . . . the designation of special agents of the Department of Justice is simply a device to enable the Attorney General to differentiate between the general agents and these special agents as far as salaries and compensation are concerned." *Id.* (remarks of Rep. Connally). He went on to observe that there was "no reason for making these officials special agents of the Department, when the Attorney General and the chief of the bureau now have authority to appoint all the regular agents of the bureau that they may find desirable." *Id.*

174

mally be accomplished only by legislation or by Executive Reorganization under the Reorganization Act.

This does not suggest, of course, that other agencies may not have *independent* authority to investigate violations of particular criminal statutes, authority which normally is exercised concurrently with the Department of Justice. For example, Congress has specifically granted the Secret Service the responsibility to investigate counterfeiting of United States obligations, *see* 18 U.S.C. § 3056, and conferred upon the United States Postal Service the right to investigate postal violations. *See* 39 U.S.C. § 404(a)(7). The failure of Congress to specify which agencies other than the Department of Justice may undertake criminal investigations, however, cannot be construed as empowering the Attorney General to choose any agency he wishes to assume these responsibilities. The "determination of where investigative jurisdiction lies for criminal violations" of a statute can only be made "pursuant to general principles of law and construction of existing statutes," Memorandum for the Deputy Attorney General from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel (Oct. 5, 1954), not through a policy determination by the Attorney General specifying which agency he believes is best suited to undertake such efforts. Thus, in our view, the Secret Service may undertake to enter into the division of investigative jurisdiction with the Postal Service only if the Secret Service has independent authority to investigate violations of § 1644.

## II. Independent Authority of the Secret Service to Investigate Credit Card Fraud

This conclusion raises the question whether the Secret Service has independent authority to undertake these responsibilities. Generally, it is preferable that this Office interpret an agency's basic authorizing statute only after the agency itself has had an opportunity to examine the issue in detail and submit its views. As the Supreme Court has observed on numerous occasions, the construction of a statute by the agency charged with its administration is due substantial deference. *See, e.g., Red Lion Broadcasting Co.* v. *FCC,* 395 U.S. 367, 381 (1969); *Udall* v. *Tallman,* 380 U.S. 1, 15 (1965). We hesitate to give any final interpretation of the enabling statutes for the Department of Treasury and Secret Service in the present case without having the assistance of your views.

Nevertheless, we do offer the following brief observation which may be of some guidance. As in many cases where Congress has enacted a new statute making certain conduct a federal criminal violation, Congress did not specify clearly when passing § 1644 which agency or agencies would have authority to investigate possible criminal violations. The provision was originally added on the Senate floor when Congress was making several general amendments to the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.,* of which it was made a part. *See* 116 Cong. Rec. 11839–40 (1970). Neither the language of § 1644 nor its legislative history indicates what agency should be responsible for investigat-

ing criminal violations.[6] Thus, the authority of the Secret Service to investigate possible credit card fraud depends in large part upon whether its enabling statute permits it to engage in such efforts.

Our preliminary review of the Secret Service's basic authorizing provision, 18 U.S.C. § 3056, however, has failed to uncover any basis for such an undertaking. As you know, § 3056 provides, in pertinent part, that the Secret Service may "detain and arrest any person committing any offense against the laws of the United States relating to coins, obligations, and securities of the United States and of foreign governments." The legislative history of this provision only suggests, as the language itself states, that the Secret Service may investigate counterfeiting of obligations of the United States and foreign countries. *See* S. Rep. No. 467, 82d Cong., 1st Sess. 2 (1951). There is no indication it may generally investigate fraud involving private financial obligations, such as credit cards. Although certain types of government-related transactions might come within the broad jurisdiction of the Department of Treasury and Secret Service, we are not aware at this time of any general authority for the Secret Service to investigate private credit card violations. Once again, though, we note these views are only preliminary and are intended to be of some assistance to your own examination of this question.

Should you ultimately conclude that the Secret Service lacks independent authority to undertake credit card investigations, we would be happy to work with you in drafting general legislation to submit to Congress. We believe that an amendment to § 1644 to permit the Secret Service, with the approval of the Attorney General, to pursue § 1644 investigative efforts, would afford a firm legal basis for the important investigative responsibilities you seek to undertake.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[6] We raise one caveat to this conclusion. The Truth-in-Lending Act, 15 U.S.C. § 1607, does authorize certain agencies to enforce the requirements of Title I of the Act, of which § 1644 was made part. It is unclear, however, whether Congress intended these provisions to apply to criminal enforcement of the credit card fraud section, which was first added two years after the original Act was passed and is generally concerned with a different type of abuse than the remainder of Title I. As a general matter, Title I seeks to ensure that financial institutions which extend credit "provide meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601. The enforcing agencies identified in Title I are generally those responsible under other statutes for overseeing the financial institutions which are obliged under Title I to give such information, and do not appear to have any special expertise of which we are aware with credit card fraud. Even if Congress' inclusion of § 1644 in the Act is construed to give these agencies authority to investigate violations, moreover, the Secret Service is not included among them. Thus, the Act cannot serve as a basis for the Secret Service to investigate credit card violations.